Margaret A. McLetchie
MCLETCHIE LAW
1851 E. First Street #900
Santa Ana, CA 92705
T: (714) 232-8675
E: maggie@nvlitigation.com
CA Bar No.: 223240
Attorneys for Plaintiff, MICHELLE
SUZANNE HADLEY

Carrie Goldberg
C.A. GOLDBERG, PLLC
16 Court Street, Suite 2500
Brooklyn, NY 11241
T: (646)666-8908
E: carrie@cagoldberglaw.com
NYS Bar No. 4542411
(pro hac vice)
Attorneys for Plaintiff, MICHELLE
SUZANNE HADLEY

ANAHEIM CITY ATTORNEY'S OFFICE
MOSES W. JOHNSON, IV (SBN 118769)
Assistant City Attorney
E-mail: mjohnson@anaheim.net
200 S. Anaheim Boulevard, Suite 356
Anaheim, California 92805
Tel: (714) 765-5169 Fax: (714) 765-5123

Attorneys for Defendants CITY OF
ANAHEIM, JAMES PEWSEY, WILLIAM
SEGLETES, MICHAEL LEE and MICHAEL
CUNHA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELLE SUZANNE HADLEY, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ANAHEIM. JAMES | Case No.:SACV 18-01831 DOC (KES)<br><br>**ORDER RE STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION** |

|   |   |   |
|---|---|---|
| 1 | PEWSEY as an individual and in his official capacity, WILLAIM SEGLETES as an individual and in his official capacity, MICHAEL LEE as an individual and in his official capacity and MICHAEL CUNHA as an individual and in his official; ANGELA MARIE DIAZ an individual, IAN RICHARD DIAZ an individual and DOES 1 to 100, inclusive,,<br><br>            Defendants. | [Discovery Document:  Referred to Magistrate Judge Karen E. Scott]<br><br><br><br><br><br>Action Filed:      July 14, 2017<br>Trial Date:        January 21, 2020 |

The parties, Plaintiff, Michelle Suzanne Hadley ("Plaintiff"), and Defendants, City of Anaheim, James Pewsey, William Segletes, Michael Lee and Michael Cunha, ("Defendants") through their respective attorneys of record, agree that the following stipulated protective order be issued in this matter pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure.

1.  A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to Discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth below in Section 12.3 that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

///

B. <u>GOOD CAUSE STATEMENT</u>: This action involves information and records for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. While the parties are not hereby agreeing that any specific record merits legal protection, Confidential materials and information produced in this case may consist of, among other things, (1) Plaintiff's medical information and records that Plaintiff contends merits protection; (2) records pertaining to the City of Anaheim Police Department's investigation into this incident (and related incident) and the City of Anaheim Police Department's Body Worn Camera videos and audios (which include information implicating privacy rights of third parties, parties and witnesses) that Anaheim contends merits protection; and (3) other records and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it merits legal protection.

2. <u>DEFINITIONS</u>

2.1 Action: This pending federal law suit.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and House Counsel (City Attorney's Office) (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 House Counsel: attorneys who are employees of a party to this Action (City Attorney's Office). House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 Party: any party to this Action, including all of its officers, police officers, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," unless a Party challenges the confidentiality designation and (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply the Court for an order designating the material confidential within the time period specified below; or (c) the Designating Party withdraws its confidentiality designation in writing.

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined herein), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

This Protective Order applies to and governs the use of the Anaheim police department investigation and APD Body Worn Camera videos and audios concerning Plaintiff and Defendants (Protected Material), which will be produced by the City of Anaheim. This Order shall apply to and govern the Anaheim police department investigation and APD Body Worn Camera videos and audios, including Body Worn Camera videos and audios of the incident and

5

the City of Anaheim Police Department's investigation into the incident. The police investigation and Body Worn Camera videos and audios will be produced by Defendant City of Anaheim subject to this protective order once it is entered.

4. <u>DURATION</u>: Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this protective order becomes public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. <u>Kamakana v. City and County of Honolulu</u> (9th Cir. 2006) 447 F.3d 1172, 1180-1181 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the general terms of this protective order do not extend beyond the commencement of the trial.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. The Designating Party has the burden of establishing that Designated Material merits protection. Designations that are unjustified, have been made for an improper purpose (i.e. to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) are to be avoided.
///

6
Case No. SACV 18-01831 DOC (KES)

1   If it comes to a Designating Party's attention that information or items that
2   it designated for protection do not qualify for protection, that Designating Party
3   will withdraw the inapplicable designation.
4       5.2 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in
5   this Order (e.g. as set forth in section 5.2(a) below), or as otherwise stipulated or
6   ordered, Disclosure or Discovery Material  (or portions thereof) that qualifies for
7   protection under this Order must be so designated before the material is disclosed
8   or produced.
9       Designation in conformity with this Order requires:
10      (a)  for information in documentary form (e.g., paper or electronic
11  documents, but excluding transcripts of depositions or other pretrial or trial
12  proceedings), that the Producing Party affix the legend "CONFIDENTIAL"
13  (hereinafter "CONFIDENTIAL legend"), to each page that contains protected
14  material.
15      A Party or Non-Party that makes original documents available for
16  inspection need not designate them for protection until after the inspecting Party
17  has indicated which documents it would like copied and produced.  During the
18  inspection and before the designation, all of the material made available for
19  inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has
20  identified the documents it wants copied and produced, the Producing Party must
21  determine which documents, or portions thereof, qualify for protection under this
22  Order.  Then, before producing the specified documents, the Producing Party
23  must affix the "CONFIDENTIAL legend" to each page that contains Protected
24  Material. If the Producing Party is only designating  a portion or portions of the
25  material on a page for protection, the Producing Party must clearly identify the
26  protected portion(s) (e.g., by making appropriate markings in the margins).
27  ///
28  ///

7

(b)  for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

		(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."

	5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

	6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

	6.1  Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

	6.2  Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. or follow the procedures for informal, telephonic discovery hearings on the Court's website before initiating any motion practice.

	6.3  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

///

///

8

Case No. SACV 18-01831 DOC (KES)

# 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions below on FINAL DISPOSITION.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers and employees (including House Counsel/City Attorney's Office) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

///

///

1    (f)  professional jury or trial consultants, mock jurors, and Professional
2    Vendors to whom disclosure is reasonably necessary for this Action and who
3    have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);
4    (g)  the author or recipient of a document containing the information or a
5    custodian or other person who otherwise possessed or knew the information;
6    (h)  during their depositions, witnesses, and attorneys for witnesses, in the
7    Action to whom disclosure is reasonably necessary provided:  (1) the deposing
8    party requests that the witness sign the form attached as Exhibit A hereto; and (2)
9    they will not be permitted to keep any confidential information unless they sign
10   the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless
11   otherwise agreed by the Designating Party or ordered by the Court.  Pages of
12   transcribed deposition testimony or exhibits to depositions that reveal Protected
13   Material may be separately bound by the court reporter and may not be disclosed
14   to anyone except as permitted under this Stipulated Protective Order; and
15   (i)  any mediator or settlement officer, and their supporting personnel,
16   mutually agreed upon by any of the parties engaged in settlement discussions.
17   (j)  any other person as to whom the Producing Party has consented to
18   disclosure in advance and in writing, on notice to each Party hereto.
19   9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
20   PRODUCED IN THIS LITIGATION
21   (a)  The terms of this Order are applicable to information produced by a
22   Non-Party in this Action and designated as "CONFIDENTIAL." Such
23   information produced by Non-Parties in connection with this litigation is
24   protected by the remedies and relief provided by this Order. Nothing in these
25   provisions should be construed as prohibiting a Non-Party from seeking
26   additional protections.
27   (b)  In the event that a Party is required, by a valid discovery request, to
28   produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3) make the information requested available for inspection by the Non-Party, if requested.

    (c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

    10.  <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the Court.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. Production of the Confidential Information protected by this Stipulated Protective Order shall not constitute a waiver of any privileged or confidentiality or privacy right. The parties retain the right to assert all substantive objections to the Confidential Information, including but not limited to, relevancy, hearsay, privacy, privilege, and Rule 403 of the Federal Rules of Evidence.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected

///

Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, within 60 days of final disposition, each Receiving Party must return all Protected Material to counsel for the City of Anaheim or the Producing Party or destroy such material. "All Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, depositions, and hearing transcripts, legal memoranda, correspondence, depositions and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

IT IS SO STIPULATED.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:

Dated: February 11, 2019

*Karen E. Scott*
HON. KAREN E. SCOTT
United States Magistrate Judge

| | | |
|---|---|---|
| Dated: February 5, 2019 | | ROBERT FABELA, CITY ATTORNEY |
| | By: | /s Moses W. Johnson, IV |
| | | Moses W. Johnson, IV |
| | | Assistant City Attorney |
| | | Attorneys for Defendants |
| | | CITY OF ANAHEIM, JAMES PEWSEY, WILLAIM SEGLETES, MICHAEL LEE and MICHAEL CUNHA |
| Dated: February 6, 2019 | | C.A. GOLDBERG, PLLC |
| | By: | /s Carrie Goldberg |
| | | Carrie Goldberg |
| | | Attorneys for Plaintiff |
| | | MICHELLE SUZANNE HADLEY |
| Dated: February 4, 2019 | | McLETCHIE LAW |
| | By: | /s Margaret A. McLetchie |
| | | Margaret A. McLetchie |
| | | Attorneys for Plaintiff |
| | | MICHELLE SUZANNE HADLEY |

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

PURSUANT TO PROTECTIVE ORDER

I declare under penalty of perjury under the laws of the United States of America that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of <u>MICHELLE SUZANNE HADLEY</u> v. <u>CITY OF ANAHEIM, et al.</u>, Case No. SACV 18-01831 DOC (KES), now pending in the District Court. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action.

DATED:_____

By: _____
    SIGNATURE

_____
PRINT NAME

_____
ADDRESS

_____
CITY, STATE, ZIP